IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
c/o U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, DC, 20001,

              Plaintiff,

    v.

TANISHA R. DOZIER,
2300 5th Ave., Apt. 1P
New York, NY, 10037,

              Defendant.

No. 14-cv-1778

## COMPLAINT

The United States of America, by its undersigned attorneys, brings this action for civil penalties, and for its complaint alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Ethics in Government Act, 5 U.S.C. app. 4, §§ 101 *et seq.* ("the Act").

2. This Court has jurisdiction over the subject matter of this action pursuant to 5 U.S.C. app. 4, § 104(a) and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in this district pursuant to 5 U.S.C. app. 4, § 104(a) and 28 U.S.C. § 1391(b).

## PARTIES

4. The plaintiff is the United States of America.

5. The defendant, Tanisha R. Dozier, who resides in New York City, New York, is a former employee of the Department of Defense (the "Department") who terminated her employment with the Department on July 18, 2013.

## STATUTORY REQUIREMENTS

6. The Act establishes financial disclosure requirements for certain employees and appointed and elected officials of the United States. The government officials and employees who are subject to the Act's reporting requirements are enumerated in 5 U.S.C. app. 4, § 101.

7. Individuals subject to the Act's reporting requirements are required to report, among other things, the following:

> The source, type, and amount or value of income (other than income referred to in subparagraph (B)) from any source (other than from current employment by the United States Government), and the source, date, and amount of honoraria from any source, received during the preceding calendar year, aggregating $200 or more in value . . . .

5 U.S.C. app. 4, § 102(a)(1)(A).

8. The Act authorizes the Attorney General to bring a civil action against any individual who knowingly and willfully fails to file or report any information required to be reported pursuant to the Act. 5 U.S.C. app. 4, § 104(a).

9. The Act provides that the court in which such action is brought may assess a civil penalty against such individual in any amount, not to exceed $50,000. 5 U.S.C. app. 4, § 104(a).

## MS. DOZIER'S WILLFUL VIOLATION OF THE ACT

10. Ms. Dozier is subject to the Act's public financial disclosure reporting requirements because as a Schedule C political appointee at the Department, *see* 5 C.F.R. § 213.3301, Ms. Dozier was "in a position in the executive branch which is excepted from the competitive service by reason of being of a confidential or policymaking character," 5 U.S.C. app. 4, § 101(f)(5); *see* 5 C.F.R. § 2634.202(e).

11. Ms. Dozier terminated her employment with the Department on or about July 18, 2013.

12. During her employment with the Department, Ms. Dozier was aware of her obligations under the Act's public financial disclosure reporting requirements.

13. On July 18, 2013, Ms. Dozier was made aware by the Department's Standards of Conduct Office ("SOCO") that, under the Act, she was required to file a combination Incumbent/Termination Public Financial Disclosure Report (OGE Form 278) by August 19, 2013. A blank OGE Form 278 was attached to SOCO's email. At Ms. Dozier's request, SOCO extended the deadline for Ms. Dozier to file her OGE Form 278 until September 3, 2013.

14. On September 11, 2013, SOCO emailed Ms. Dozier stating that, although her OGE Form 278 had been due September 3, 2013, SOCO had not received her form. SOCO informed Ms. Dozier that her OGE Form 278 was late, and further stated that, if her report was not received by October 3, 2013, a $200 late filing penalty would apply. SOCO provided Ms. Dozier with instructions for paying the penalty or submitting a written request detailing the extraordinary circumstances justifying waiver of the penalty.

15. On October 21, 2013, SOCO left a voicemail for Ms. Dozier, stating that although her OGE Form 278 had been due October 3, 2013, SOCO had not received her form.

16. On October 22, 2013, SOCO emailed Ms. Dozier, informing her that her OGE Form 278 was untimely and that the $200 late filing penalty applied. The blank form was again attached to SOCO's email, and SOCO again provided Ms. Dozier with instructions for submitting the form and either paying the penalty or requesting a waiver. SOCO further informed Ms. Dozier that failure to file her termination report would result in SOCO referring Ms. Dozier to the U.S. Justice Department for appropriate enforcement action, including civil penalties.

3

17. Sometime between October 21, 2013 and November 25, 2013, SOCO spoke with Ms. Dozier on the phone about the required filing and applicable $200 penalty, and Ms. Dozier stated that she would take timely action.

18. On November 25, 2013, SOCO emailed Ms. Dozier with notice that her failure to file OGE Form 278 was to be referred to the Justice Department for appropriate enforcement action. The blank form was again attached to SOCO's email, which was sent under the subject line: "FINAL NOTICE – REFERRAL TO JUSTICE FOR PROSECUTION (failure to file termination report and pay late filing penalty)."

19. On January 7, 2014, SOCO emailed Ms. Dozier informing her that SOCO would be referring her noncompliance to the Justice Department for enforcement action within a week.

20. Twenty minutes later, also on January 7, 2014, Ms. Dozier responded to SOCO's email. Ms. Dozier requested that SOCO "forward [her] a copy of the necessary forms and the amount [o]f the fee." Ms. Dozier further stated: "[M]y negligence is largely due to an overwhelming amount [of] responsibilities at this time. But nonetheless, I understand the requirement."

21. Less than three hours later, also on January 7, 2014, SOCO responded to Ms. Dozier's email. SOCO noted that the "[f]orm was attached before," but again attached a copy of the blank OGE Form 278, informed Ms. Dozier that the late filing penalty was $200, and provided instructions for paying it.

22. To date, Ms. Dozier has not filed the required financial disclosure report.

## COUNT I

23. Plaintiff reincorporates the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24. Ms. Dozier violated the Ethics in Government Act, 5 U.S.C. app. 4, § 104, by knowingly

and willfully failing to file her termination financial disclosure report within the time

required by the Act.

## RELIEF REQUESTED

WHEREFORE, the plaintiff, the United States of America, prays that this Court enter

judgment against the defendant, Tanisha R. Dozier, as follows:

A. Assess a civil penalty under Count I of up to $50,000; and

B. Grant the plaintiff such further relief as the Court may deem just and equitable, including

the plaintiff's costs.

Dated: October 23, 2014

Respectfully Submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director
Federal Programs Branch

ADAM GROGG (N.Y. Bar)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20001
phone: (202) 514-2395
fax: (202) 616-8470
email: adam.a.grogg@usdoj.gov

*Counsel for Plaintiff*